SILVERMAN, Circuit Judge,
dissenting:
It is not in every rape case with a consent defense that there is an independent eyewitness who happens upon the defendant and the alleged victim having sexual intercourse. We see cases where biased friends of the defendant (such as fraternity brothers) testify to observing their friend and the alleged victim having supposedly consensual sex. We see cases in which independent witnesses testify to the alleged victim’s conduct before and after the sexual encounter, but not during the sexual encounter itself.
This case is unusual. A totally independent witness — a security guard making her rounds — told police that she came upon the defendant and the alleged victim having what appeared to be consensual sexual relations on the lawn of the property she was patrolling. Even if the security guard’s observations would not conclusively establish innocence, if you’re a defendant charged with rape and consent is your defense, that’s about as good as it gets.
The problem is that during the 864 days during which petitioner was incarcerated while awaiting trial, the security guard moved away and left no forwarding address. The majority agrees that the 864 days in which petitioner was incarcerated while awaiting trial was excessive for speedy trial purposes, but holds that there was no Sixth Amendment speedy trial violation, mainly because petitioner was not prejudiced by the delay. And that’s because, the majority says, it was counsel’s lack of diligence — not the delay itself— that caused the loss of this crucial witness.
Counsel should have “stayfed] in touch” with the witness, the majority says, but it is not clear exactly what he should have done. Periodically called her on the phone? Sent her cards? Kept her under surveillance for over two years? Unless counsel drove by her home and actually caught her in the act of packing up her car, counsel’s attempts to “stay[ ] in touch” with the witness at most would have hastened the discovery that she had disappeared. The majority says that counsel should have subpoenaed her. Subpoenaed her to what? There was no firm trial date until nearly two-and-a-half years after petitioner’s arrest, and by that time, the witness had moved and left no address. And even if the witness had been subpoenaed early on to some phantom trial date, what would have kept her from disappearing just as she did? A subpoena is not a writ of ne exeat. If counsel had known that the witness was planning to move, he could have made efforts to depose her, but who knew? There is nothing in the record suggesting that counsel should have known that the witness was going to up and leave.
The majority relies heavily on United States v. Guerrero, 756 F.2d 1342 (9th Cir.1984), but there is a big difference between what happened in that case and ours. In our case, the investigator hired by the defendant’s lawyers contacted the prospective witness, the security guard, well before she would be needed in court. Then, unbeknownst to anyone, the witness moved away and left no address. In Guerrero, although the defense knew about the existence of possible alibi witnesses as early as July 1980, it “did not *882 attempt to locate them until July 1982, even though it was aware of the probability of having to defend against these charges.” That is why we held that Guerrero failed to show any causal connection between the delay and the loss of the witnesses — they didn’t even look for alibi witness for two years. Id. at 1850.
And speaking of diligence, how does any possible shortcoming of defense counsel absolve the Riverside County Superior Court and the district attorney of their obligations to take care that a defendant is tried in a timely manner?
The bottom line is this: In most speedy trial violations, the pre-trial delay thankfully causes no harm, but that’s not the case here. By the time this case finally wound its way to trial nearly two-and-a-half years after petitioner’s arrest, an independent witness who could have provided highly exculpatory testimony had moved away and couldn’t be found. This is exactly the sort of prejudice that the right to a speedy trial is designed to prevent. As the Supreme Court said in Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), “the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious.”
Because habeas relief should have been granted, I respectfully dissent.